1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDGAR BERNABE

11              Plaintiff,                  No. CIV S-05-2522 LKK CMK P

12        vs.

13   TERESA A. SCHWARTZ, et al.,

14              Defendants.                 <u>AMENDED ORDER</u>

15   _____/

16          In its screening order filed March 1, 2006, the court neglected to order that plaintiff's request to proceed in forma pauperis was granted. Accordingly the March 1, 2006 order is amended as follows.

19          Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). By order filed January 26, 2005, plaintiff was granted thirty days to file an amended pleading. Plaintiff was advised that should he fail to file an amended pleading, the court would assume that he had elected to proceed on his complaint filed December 9, 2005. To date, plaintiff has not filed an amended pleading.

26   ///

1        Plaintiff has submitted a declaration that makes the showing required by 28
2 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.
3        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28
4 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $31.74 will be assessed by this
5 order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to
6 collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the
7 Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the
8 preceding month's income credited to plaintiff's prison trust account. These payments will be
9 forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
10 account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).
11        The court is required to screen complaints brought by prisoners seeking relief
12 against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C.
13 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
14 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
15 be granted, or that seek monetary relief from a defendant who is immune from such relief. See
16 28 U.S.C. § 1915A(b)(1),(2).
17        A claim is legally frivolous when it lacks an arguable basis either in law or in
18 fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,
19 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based
20 on an indisputably meritless legal theory or where the factual contentions are clearly baseless.
21 See Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however
22 inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d
23 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.
24        A complaint, or portion thereof, should only be dismissed for failure to state a
25 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
26 of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King &

1  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
2  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
3  complaint under this standard, the court must accept as true the allegations of the complaint in
4  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
5  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
6  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**I.  Background**

In his December 9, 2005 complaint, plaintiff states that prison staff has subjected him to "many prejudices" by "imposing punishments that stresses and depresses" him and his family.  Plaintiff states that he is in segregation due to filing of a prison grievance.  Plaintiff states that he has been harassed by prison staff.  Plaintiff also appears to state that he is being denied parole because of his plans to move to the Philippines after being released from prison.  Although plaintiff's allegations are very vague, the gravaman of his complaint appears to be that prison officials have retaliated against him.

**II.  Discussion**

While retaliation may state a claim cognizable in a civil rights action, a plaintiff must connect the named defendants clearly with the claimed denial of his rights.  Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").  The court cannot determine

from the complaint what role, if any, any of the named defendants played in the alleged deprivation of plaintiff's rights.

Further, the court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

The court will, however, grant leave to file a second amended complaint. If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must

be sufficiently alleged.

**III.     Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. The order filed March 1, 2006 (doc. 8) is amended.

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $31.74. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

4. Plaintiff's December 9, 2005 complaint is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: March 2, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE