IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDGAR BERNABE,

    Plaintiff,

vs.                                  No. CIV S-05-2522 LKK  CMK P

TERESA A. SCHWARTZ, et al.,

    Defendants.

_____/    FINDINGS & RECOMMENDATIONS

        Plaintiff, a state prisoner proceeding without counsel alleges that defendants have violated his civil rights.  Currently before the court is plaintiff's request for injunctive relief.

    1.    <u>Legal Standard</u>

        The legal principles applicable to a request for injunctive relief such as a restraining order are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  <u>See</u> <u>Coalition for Economic Equity v. Wilson</u>, 122 F.3d 692, 700 (9th Cir. 1997); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.

1 Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must
2 demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a
3 significant showing of possible irreparable harm, the court need not reach the issue of likelihood
4 of success on the merits.  Id.

        2.      <u>Plaintiff's Claims</u>

Plaintiff alleges that he has suffered "many prejudices" since being incarcerated in 1991.  He states that he feels stress and depression due to defendants "verbal and physical acts of assault."  Plaintiff claims that he was hurt twice in the last eight months by defendants in separate incidents; however, plaintiff provides no details about these incidents.  Defendants have accused plaintiff of presenting a threat to the safety of himself and others, jeopardizing the integrity of an investigation and endangering institutional security.   Plaintiff relates that he has been placed in administrative segregation for over 100 days and that defendants are "planning further punishments and accusations..."

The exhibits attached to plaintiff's request for injunctive relief indicate that plaintiff has been placed in administrative segregation while allegations of staff misconduct are being investigated.

Plaintiff has not demonstrated that he is under significant threat of irreparable injury.  His allegations that defendants have harmed him are very vague.  He does not point to any specific future harm that may befall him.  Instead, he claims only that defendants are planning future punishments.  Because plaintiff has not made a significant showing of a threat of irreparable harm, the court need not reach the issue of the likelihood of success on the merits.

///
///
///
///
///

1   Based on the foregoing, IT IS RECOMMENDED that plaintiff's motion for
2 injunctive relief be denied.
3   These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
5 after being served with these findings and recommendations, plaintiff may file written objections
6 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
7 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
8 time may waive the right to appeal the District Court's order. See  Martinez v. Ylst, 951 F.2d
9 1153 (9th Cir. 1991).

11 DATED:  July 5, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3