IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDGAR BERNABE,

       Plaintiff,              No. CIV S-05-2522 LKK CMK P

    vs.

TERESA A. SCHWARTZ, et al.

       Defendants.       <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed March 3, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended complaint.

I.    <u>The Amended Complaint</u>

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1),(2).

1

1           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2   See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  See

5   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

6   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639,

7   640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8           A complaint, or portion thereof, should only be dismissed for failure to state a

9   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

10  of facts in support of the claim or claims that would entitle him to relief.  See  Hishon v. King &

11  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

12  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

13  complaint under this standard, the court must accept as true the allegations of the complaint in

14  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

15  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

16  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17          Plaintiff's second amended complaint, filed July 11, 2006, consists of a list of

18  defendants; several pages of contentions; excerpts of what appear to be parole board hearings;

19  and copies of responses to prison appeals.  The allegations in plaintiff's complaint appear to be

20  that he was unjustly denied parole.  He appears to allege that some of the defendants denied him

21  adequate medical care, and he has included copies of prison appeals regarding visitation and

22  property issues.  In short, plaintiff's complaint does not describe what claims plaintiff makes

23  against defendants.

24          The allegations in plaintiff's second amended complaint are so vague and

25  conclusory that it is impossible to determine whether plaintiff's complaint is frivolous or fails to

26  state a claim for relief.

1    The court, however, will give plaintiff one final chance to amend his complaint.

2  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

3  complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.

4  Cassidy, 625 F.2d 227 (9th Cir.1980). Also, the complaint must allege in specific terms how each

5  named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is

6  some affirmative link or connection between a defendant's actions and the claimed deprivation.

7  See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.1980);

8  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). Furthermore, vague and conclusory

9  allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board

10  of Regents, 673 F.2d 266, 268 (9th Cir.1982).

11    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

12  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

13  amended complaint be complete in itself without reference to any prior pleading. This is because,

14  as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay,

15  375 F.2d 55, 57 (9th Cir.1967). Once plaintiff files an amended complaint, the original pleading

16  no longer serves any function in the case. Therefore, in an amended complaint, as in an original

17  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

18  Finally, plaintiff is directed to the case of McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir.1996),

19  in which the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be

20  "argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of

21  immaterial background information." The court observed the Federal Rules require that a

22  ///

23  ///

24  ///

25  ///

26  ///

complaint consist of "simple, concise, and direct" averments. Id.  As a model of concise

pleading, the court quoted the standard form negligence complaint from the Appendix to the

Federal Rules of Civil Procedure:

> 1.  Allegation of Jurisdiction.

> 2.  On June 1, 1936, in a public highway, called Boylston Street, in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.

> 3.  As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, and was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.

> Wherefore, plaintiff demands judgment against defendant in the sum of one thousand dollars.

See id.  This is a good model for plaintiff to follow in his pleading. Plaintiff's complaint suffers

from many of the same problems as the pleading dismissed in McHenry: there is much "

'narrative rambling [ ]' " yet a marked lack of "notice of what legal claims are asserted against

which defendants." Id. at 1176. As in McHenry, "[p]rolix, confusing complaints such as the ones

plaintiffs filed in this case impose unfair burdens on litigants and judges." Id. at 1179.

II.    Motion to Proceed In Forma Pauperis

Plaintiff filed a motion to proceed in forma pauperis on July 11, 2006.  Plaintiff

previously filed a motion to proceed in forma pauperis, which was granted by the Court on

March 3, 2006.  Accordingly, the July 11, 2006 motion is denied as moot.

III.   Motion for Immediate Injunction

Plaintiff filed a motion for an immediate injunction on June 26, 2006.  Plaintiff

seeks an order from the court directing defendants to either: transfer him to a federal prison;

release him to the immigration and naturalization service; or release plaintiff on his own

recognizance.  In light of this court's determination that his complaint must be dismissed, there is

no underlying action to support plaintiff's request at this time. Accordingly, it will be denied

without prejudice.

IT IS ORDERED that:

1. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed. See Local Rule 11-110.

2. Plaintiff's July 11, 2006 motion to proceed in forma pauperis (doc. 22) is denied as moot.

3. Plaintiff's June 26, 2006 (doc. 18) is denied without prejudice.

DATED: July 18, 2006.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE