IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDGAR BERNABE,

      Plaintiff,                    No. CIV S-05-2522 LKK CMK P

      vs.

TERESA A. SCHWARTZ, et al.,

      Defendants.           ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed July 20, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. After being granted several extensions of time, plaintiff filed his third amended complaint on November 20, 2006.

      In his third amended complaint, plaintiff names twenty-one identified defendants and names fifty "Doe" defendants. Plaintiff asserts several violations of his constitutional rights; he asserts that defendants violated his constitutional rights by denying him visitation; by adversely transferring him to another institution; denying him adequate showers, diet, and other basic needs; callously disregarding his health and well-being; ignoring his dental care; imposing punishments without notice or hearing; interfering with his access to the courts; denying him parole and using excessive force against him.

The due process clause does not guarantee a right of unfettered visitation. See Kentucky Dep't of Corr. v Thompson, 490 U.S. 454, 460-61 (1989). Accordingly, plaintiff's visitation claim is not cognizable. Similarly, prisoners have no liberty interest in being transferred to another prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983). To the extent that plaintiff alleges that his rights were violated by a transfer to another prison, this claim is not cognizable. The duration or legality of confinement is not cognizable in a civil rights complaint, but instead is properly challenged in a habeas action. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (habeas corpus petition is proper method to challenge legality or duration of confinement, but civil rights action is proper method of challenging conditions of confinement). Thus, plaintiff's claims that defendants have improperly denied him parole are not cognizable in this civil rights action.

Plaintiff alleges that defendants James Tilton, Teresa A. Schwartz, John Does 23 and 26, and K. Mendoza-Powers violated his civil rights by virtue of being responsible for the "operation and supervision of CMF officers and staffs..." A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. See id. For example, denial of appeals is, in some cases sufficient to establish supervisory liability, see Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992), and knowledge of a policy and practice that allegedly resulted in an inmates rape could be sufficient to establish liability. See Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991)(en banc). Here, there is no evidence that defendants Tilton or Schwartz were informed of the alleged violations of plaintiff's rights. Accordingly, plaintiff does not state a cognizable claim against these defendants.

Plaintiff alleges that defendants Swan and Polk caused him to miss his dinner in February 2006. This claim is not cognizable for two reasons. First, it does not rise to level of a constitutional violation. More importantly, it does not relate back to the original December 2005 claim, and therefore, cannot be added to the amended claim. Plaintiff does not state a cognizable

claim against these defendants.

Plaintiff alleges that defendants Mirich and B Olson used excessive force against him in March 2006. This claim does not relate back to the original December 2005 claim, and therefore cannot be added to the amended claim. Plaintiff does not state a cognizable claim against these defendants.

Plaintiff alleges that defendant Sinclair and John Does 48-50 used excessive force against plaintiff in July 2006. This claim does not relate back to the original December 2005 claim, and therefore cannot be added to the amended claim. Plaintiff does not state a cognizable claim against these defendants.

The third amended complaint does states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) with relation to the following three claims: excessive force in October 2005, deprivation of prescription medicine and denial of access to legal materials from October 2005 to December 2005. Plaintiff alleges that defendant Nelson assaulted him by using his keys and baton in October 2005. Liberally construing the complaint, plaintiff states a cognizable claim against defendant Nelson. Plaintiff alleges that defendants McAllister, Altchek and Ware[1] deprived plaintiff of his needed prescription medicine. Plaintiff alleges that defendants Jones, King[2] and John Does 42-44 denied him access to his legal property from October 19, 2005 until February 2006. The denial of access to legal property is cognizable from the period of October 19, 2005 through December 2005.

If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of his claims that defendant Nelson used excessive force

---

[1] It is not clear whether defendant Ware was mentioned in the original complaint, however, in light of the liberal interpretation of prisoner complaints, it appears that the denial of medication issues were mentioned in the original complaint. The claim against defendant Ware therefore relates back.

[2] Jones and King were not mentioned in the original complaint, but the deprivation of legal property was. Accordingly, the claim relates back.

against him, that defendants McAllister, Altchek and Ware deprived him of his needed medication and that defendants Jones and King denied him access to his legal property.  The court, therefore, finds that service is appropriate for those defendants and will direct service by the U.S. Marshal without pre-payment of costs.  Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order.  Plaintiff is warned that failure to comply with this order may result in dismissal of the action.  See Local Rule 11-110.

As noted above, plaintiff's complaint names fifty "Doe" defendants.  The court cannot order service of process on fictitious defendants.  Upon discovering the name of the "Doe" defendants, [or any of them], plaintiff must promptly file a motion for leave to amend, accompanied by a proposed amended complaint identifying the additional defendant or defendants.  Plaintiff is cautioned that undue delay in discovering defendants' names and seeking leave to amend may result in the denial of leave to proceed against these defendants.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: C/O Nelson, McAllister, Altchek,  Ware, Jones, and King.

2. The Clerk of the Court shall send plaintiff six USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed November 20, 2006.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Seven copies of the endorsed amended complaint filed November 20, 2006.

4. Plaintiff need not attempt service on defendants and need not request waiver of

1  service. Upon receipt of the above-described documents, the court will direct the United States
2  Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4
3  without payment of costs.

5  DATED: December 6, 2006.

                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|                              |                     |
| ---------------------------- | ------------------- |
| Plaintiff,                   | No. CIV             |
| vs.                          |                     |
|                              | NOTICE OF SUBMISSION |
| Defendants.                  | OF DOCUMENTS        |
| _____/|                     |

     Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

     _____    completed summons form

     _____    completed USM-285 forms

     _____    copies of the _____
                                   Amended Complaint

DATED:

                                       _____
                                       Plaintiff