IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDGAR BERNABE,

      Plaintiff,                         No. CIV S-05-2522 LKK CMK P

    vs.

TERESA A. SCHWARTZ, et al.,        FINDINGS AND RECOMMENDATIONS

      Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss (Doc. 47). Plaintiff filed an opposition to the motion on January 2, 2008 (Doc. 56). Defendants' reply was filed on January 10, 2008 (Doc. 57).

        Defendants bring this motion to dismiss under Federal Rule of Civil Procedure 12(b) and 12(b)(6). Defendants argue that the claims against defendants Jones and King are not exhausted and the claims against defendants Nelson, Ware, McAllister and Altchek fail to state a claim.

/ / /

/ / /

1

## I. BACKGROUND

Plaintiff's third amended complaint, filed November 20, 2006, was found to state a claim against defendants Nelson, Ware, McAllister, Altchek, Jones and King. (See Doc. 35). The claim found to be cognizable against Nelson was a claim for excessive force arising from an incident where plaintiff claimed defendant Nelson assaulted him with his keys and baton on October 19, 2005. Plaintiff also stated a claim that defendants Jones and King denied him access to his legal property and that defendants McAllister, Altchek, and Ware deprived him of his needed prescription medicine.

## II. EXHAUSTION

A motion to dismiss for lack of exhaustion of administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleading and decide disputed issues of fact." Id. at 1119-20. If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. See id. at 1120.

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 127 S. Ct. 910 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable

procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted. The Supreme Court also held in <u>Woodford v. Ngo</u> that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules ". . . so that the agency addresses the issues on the merits." 126 S. Ct. 2378, 2385-88 (2006). Thus, exhaustion requires compliance with "deadlines and other critical procedural rules." <u>Id.</u> at 2386. Partial compliance is not enough. <u>See id.</u>

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations. In California, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). These regulations require the prisoner to proceed through several levels of appeal: (1) informal resolution; (2) formal appeal; (3) second level appeal to institution head; (4) third level appeal to the director of the California Department of Corrections and Rehabilitation. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. <u>See</u> Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). Departmental appeals coordinators may summarily reject a prisoner's untimely administrative appeal. <u>See</u> Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c). If a group of inmates intend to appeal the same decision or action, one grievance form is used and a list of the participating inmates must be attached. The list must be legible and state the inmates' names, departmental identification numbers, and housing assignment. The form must also be signed by all participating inmates. Currently, California regulations do not contain any provision specifying who must be named in the grievance.

In certain circumstances, the regulations make it impossible for the inmate to pursue a grievance through the entire grievance process. <u>See</u> <u>Brown v. Valoff</u>, 422 F.3d 926, 939 n. 11 (9th Cir. 2005). Where a claim contained in an inmate's grievance is characterized by

1  prison officials as a "staff complaint" and processed through a separate confidential process,
2  prison officials lose any authority to act on the subject of the grievance.  See id. at 937 (citing
3  Booth, 532 U.S. at 736 n. 4).  Thus, the claim is exhausted when it is characterized as a "staff
4  complaint."  See id. at 940.  If there are separate claims in the same grievance for which further
5  administrative review could provide relief, prison regulations require that the prisoner be notified
6  that such claims must be appealed separately.  See id. at 939.  The court may presume that the
7  absence of such a notice indicates that the grievance did not present any claims which could be
8  appealed separate from the confidential "staff complaint" process.  See id.

9        Here, defendants claim plaintiff failed to exhaust by not proceeding through the
10 proper channels in the prison for the resolution of his inmate grievance.  In support of their
11 position, defendants have included declarations from the inmate appeals coordinator stating that
12 plaintiff's only appeal regarding the denial of legal materials is log CMF-06-M741, and it was
13 not processed to the third level.

14       In response, plaintiff indicates that he tried to exhaust his administrative remedies,
15 but was unable to do so due to the actions of the defendants.  He claims that any attempt on his
16 part is futile.  Defendants argue that there is no futility exception to the PLRA exhaustion
17 requirement.  However, in this case, plaintiff claims, albeit inarticulately, that he was unable to
18 exhaust due to the actions of the defendants, specifically that although his inmate appeal was
19 partially granted at the second level, it was not fully implemented until he was released from
20 administrative segregation.  He also claims that some of his 602 appeals were intercepted by
21 prison employees, and he was therefore unable to file them correctly.

22       In showing that a plaintiff did not exhaust his administrative remedies, the
23 defendant must demonstrate that the proposed relief was available to the plaintiff.  Brown v.
24 Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005) (citing Brown v. Croak, 312 F.3d 109 (3rd Cir.
25 2002)).  An administrative remedy is not available, for example, if corrections officials have told
26 the plaintiff he is unable to file a grievance or if the grievance procedures are sufficiently

confusing as to lead the plaintiff to reasonably believe that he could not file a grievance. Id. at 937 (citing Croak, 312 F.3d at 113 and Giano v. Goord, 380 F.3d 670, 673-74 (2d Cir. 2004)). Although the Ninth Circuit appears not to have confronted the issue, other circuits have held that an administrative remedy is not "available" under 42 U.S.C. § 1997e if prison officials have refused to provide the plaintiff with the forms needed to pursue his grievances. See Ziemba v. Wezner, 366 F.3d 161, 163-64 (2d Cir. 2004); Mitchell v. Horn, 318 F.3d 523 (3rd Cir. 2003); Kaba v. Stepp, 458 F.3d 678, 685-86 (7th Cir. 2006); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001). Defendants have not sufficiently shown that the administrative remedies the plaintiff was required to exhaust were in fact available to him. Therefore, the motion to dismiss based on failure to exhaust should be denied.

### III. FAILURE TO STATE A CLAIM

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). In determining whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party

1 questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and
2 upon which the complaint necessarily lies, but which are not attached to the complaint, see Lee v.
3 City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of
4 which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.
5 1994), except prison regulations, see Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

### A. ACCESS TO LEGAL DOCUMENTS

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). This right requires prison officials to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. The right, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356-57. Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. See id. at 353 n.3 & 354-55. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. See id. at 354-55.

As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim. See id. Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Id. at 362.

In the instant case, plaintiff claims he was "delayed partial and full access to legal properties of plaintiff from October 19, 2005" until December 30, 2005, due to plaintiff being housed in administrative segregation. Plaintiff does not specify in his complaint whether he had

any current pending legal action or was in the process of attempting to begin a new legal action. He also fails to state whether the delay in accessing his legal property caused him injury, such as failing to meet a filing deadline or missing a statute of limitations. Nor does he address this issue in his opposition, stating only that the delay in accessing his legal materials caused him significant stress. This is not the type of "actual injury" contemplated by the courts in a denial of access to legal documents case. Therefore, defendants' motion to dismiss this claim should be granted.

### B.    EXCESSIVE FORCE

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

When prison officials stand accused of using excessive force, the core judicial inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as

1  opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims,
2  is applied to excessive force claims because prison officials generally do not have time to reflect
3  on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475
4  U.S. at 320-21. In determining whether force was excessive, the court considers the following
5  factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship
6  between the need for force and the amount of force used; (4) the nature of the threat reasonably
7  perceived by prison officers; and (5) efforts made to temper the severity of a forceful response.
8  See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force
9  was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir.
10 1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7-9. Finally,
11 because the use of force relates to the prison's legitimate penological interest in maintaining
12 security and order, the court must be deferential to the conduct of prison officials. See Whitley,
13 475 U.S. at 321-22.

     In this case, petitioner claims defendant Nelson assaulted him using his keys and
baton. Defendants argue this claim should be dismissed because plaintiff failed to allege any
actual injury from defendant Nelson's alleged assault. In opposition, plaintiff states defendant
Nelson "used his dorm and J-1 wing keys and he also use his baton against plaintiff. Shoving
Bernabe towards the back of the dorm with excessive force by the use of his keys and baton as
weapon." (Opposition (Doc. 56) at 8.) He further states "c/o Nelson's poking/shoving Bernabe
with his keys and with his baton is an attack of a sort that is malicious, reckless, and oppressive
use of excessive force which is in violation of plaintiff's rights(s)." (Id.) He also claims that the
lack of serious injury is not fatal to an Eighth Amendment excessive force claim.

     The court agrees. Although the seriousness or lack of injury is probative, it is not
a requirement. Since defendant raises the lack of injury as the only reason to dismiss this claim,
the motion should be denied.

/ / /

### C. MEDICAL NEEDS

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh,

90 F.3d 330, 332 (9th Cir. 1996).

In this case, plaintiff claims in his third amended complaint that defendants McAllister, Altchek and Ware deprived plaintiff of necessary medication. Defendants argue in their motion to dismiss that plaintiff does not allege any facts showing they acted with deliberate indifference to his medical needs. He only has claimed the simple denial of particular prescription medication, and does not allege the defendants were actually aware of any risk of substantial harm to him or that they disregarded any such risk. Defendants argue this is a simple difference of medical opinion as to what treatment is necessary, and that plaintiff does not allege the treatment was medically unacceptable under the circumstances or that it was done in conscious disregard of an excessive risk to plaintiff's health.

In opposition, plaintiff argues that the medical professional defendants know about medical conditions and illnesses, and know the need for medicines. He claims they acted with deliberate indifference. He argues that reasonable people in the medical field know about "nitroglycerin" "gabapentin" "glyboride" and other heart and diabetic medicine, and that deprivation of these medicine may cause serious harm or injury to the patient's health and may cause coma and/or death.

In a motion to dismiss, allegations in the complaint are construed liberally and all facts alleged are accepted as true. See Cahill v. Liberty Mut. Ins. Co. 80 F.3d 336, 337-38 (9th Cir. 1996). Here, plaintiff alleges that the defendants deprived him of necessary medication. He supports this claim in his opposition by stating that these defendants are medical personnel who would know that failure to provide plaintiff with medication for his condition could cause him serious harm. Reading the claim liberally, plaintiff is arguing that the defendants knew that refusing him medication could cause him injury, and yet they continued to do so in with deliberate indifference to his serious medical condition. Plaintiff claims that he has diabetes, heart disease and a number of other health related issues. Plaintiff does not claim, nor do defendants in their motion, that he continued to receive medication for his medical condition.

1 Plaintiff specifically states he was deprived of his mediation.  Therefore, this does not appear to
2 be a case of difference of medical opinion as the defense claims.  But more likely, at least for the
3 purpose of a motion to dismiss, the deliberate refusal to provide plaintiff with medicine, and the
4 deliberate confiscation of necessary medication.  Therefore, the court cannot conclude that these
5 allegations fail to state a claim, and the motion to dismiss these claims should be denied.[1]

### D. CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss be granted in part and denied in part.  It is recommended that the motion to dismiss the claims against defendants Jones and King for failure to exhaust be denied.  However, the motion to dismiss the claims against defendants Jones and King for failure to state a claim should be granted.  The motion to dismiss the claim against defendant Nelson for excessive force should be denied on the grounds defendants raise.  The motion to dismiss the claims against defendants McAllister, Altchek and Ware for failure to state a claim should be denied.  Accordingly, defendants Jones and King should be dismissed from this case, and this case should go forward against defendants McAllister, Altchek and Ware on plaintiff's claim for an Eighth Amendment violation for deliberate indifference to a serious medical condition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written

---

[1] Defendants argue that the claim stated against defendant Ware is a simple deprivation of property claim, for which the state has an adequate post deprivation remedy.  The court does not read the complaint this way.  Plaintiff claims that defendant Ware is a medical technical assistant.  S/he, like the other medical defendants, deprived plaintiff of his necessary medication, specifically by confiscating his medication from his cell.  The court reads this as a deliberate indifference to medical needs claim.  As such, defendant Ware is treated the same as defendants McAllister and Altchek.  Defendants' argument that defendant Ware is immune under qualified immunity is similarly misplaced.  Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity would not apply to a medical professional who acted with deliberate indifference to a serious medical need.

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 30, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE