1

2

3

4

5

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    EDGAR BERNABE,

12                Plaintiff,              No. CIV S-05-2522 LKK CMK P

13          vs.

14    TERESA A. SCHWARTZ, et al.,          FINDINGS AND RECOMMENDATIONS

15                Defendants.

16    _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18    to 42 U.S.C. § 1983.   Pending before the court is plaintiff's motion for summary judgment (Doc.

19    67).  Defendants have filed an opposition to the motion (Doc. 70).

20          In his motion, plaintiff is requesting summary judgment against six defendants,

21    Nelson, McAllister, Ware, Altchek, Jones and King, based on this court's denial of their motion

22    to dismiss.  The defendants object to the granting of a motion for summary judgment because

23    plaintiff has not complied with the requirements of the Local Rules by failing to provide notice

24    and failure to file a statement of undisputed facts.  See Local Rules 78-230(b), 56-260(a).

25    / / /

26    / / /

1

1      I.      STANDARDS

2      Summary judgment is appropriate when it is demonstrated that there exists "no

3  genuine issue as to any material fact and that the moving party is entitled to a judgment as a

4  matter of law."  Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

8  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

9      II.     BACKGROUND

10      Plaintiff's third amended complaint was filed November 20, 2006.  The court

11  found the third amended complaint sufficient to state a claim against defendants Nelson, Ware,

12  McAllister, Altchek, Jones and King.  (See Doc. 35).  Plaintiff claims defendant Nelson used

13  excessive force against him by assaulting him with keys and a baton, defendants Jones and King

14  denied him access to his legal property and defendants McAllister, Altchek and Ware deprived

15  him of his needed prescription medicine.  The defendants filed a motion to dismiss for failure to

16  exhaust and failure to state a claim.  The motion to dismiss was denied and this case proceeds on

17  plaintiff's Eighth Amendment claims against defendants Nelson, McAllister, Altchek and Ware,

18  and on plaintiff's Fourteenth Amendment right of access to the courts claim against defendants

19  Jones and King.

20      III.     DISCUSSION

21      Local Rule 78-230(b) requires all motions to be noticed on the motion calendar

22  except as otherwise provided in the Rules.  Rule 78-230(m) controls motions filed in prisoner

23  cases.  Rule 78-230(m) provides that all motions filed in prisoner cases, where one party is

24  incarcerated and proceeding pro per, are submitted upon the record without oral argument unless

25  otherwise ordered.  In this case, the defendants are objecting to plaintiff's lack of notice pursuant

26  to 78-230(b).  However, this case is governed by 78-230(m) as plaintiff is incarcerated and is

1 proceeding in pro per.  Therefore, notice of motion on the motion calendar was not required and

2 the motion was submitted on the record.

3 　　　　　　However, Local Rule 56-260(a) is applicable to prisoner cases.  Rule 56-260(a)

4 provides:

5 　　　　　　Each motion for summary judgment . . . shall be accompanied by a
"Statement of Undisputed Facts" that shall enumerate discretely

6 each of the specific material facts relied upon in support of the
motion and cite the particular portions of any pleading, affidavit,

7 deposition, interrogatory answer, admission or other document
relied upon to establish that fact.  The moving party shall be

8 responsible for the filing with the Clerk of all evidentiary
documents cited in the moving papers.

9

10 　　　　　　Defendants rightfully object to the granting of plaintiff's motion due to his failure

11 to comply with this rule.  Plaintiff failed to file a separate statement of undisputed facts and has

12 not identified any material facts which are undisputed.  Plaintiff relies on the court's denial of the

13 defendant's motion to dismiss as the basis for his motion.  This reliance is insufficient.  The

14 standards relating to a motion to dismiss are different that the standards governing motions for

15 summary judgment.  On a motion to dismiss, the court evaluates the sufficiency of the allegations

16 raised in a complaint.  As such, "[t]he issue is not whether a plaintiff will ultimately prevail but

17 whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416

18 U.S. 232, 236 (1974).  In order for a complaint to survive a motion to dismiss, it must contain

19 more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

20 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v.

21 Twombly, 127 S. Ct. 1955, 1964-65 (2007).  Allegations of specific facts are not necessary so

22 long as the statement of facts gives the defendant fair notice of what the claim is and the grounds

23 upon which it rests.  See Erickson v. Pardus, 127 S. Ct. 2197 (2007).

24 　　　　　　This differs from a motion for summary judgment in which the court examines the

25 pleadings, depositions, answers to interrogatories, and admissions on file, together with the

26 affidavits, if any, to determine whether a genuine issue as to any material fact actually exists.  See

Fed. R. Civ. P. 56(c).  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In this case, plaintiff has not presented any facts for the court to evaluate.  His reliance on the court's denial of the motion to dismiss is insufficient to allow the court to grant a motion for summary judgement.  Plaintiff's failure to submit a statement of undisputed facts demonstrates this defect.  The moving party bears the initial burden of demonstrating that there exists no genuine issue as to any material fact.  Beyond plaintiff's failure to comply with the Local Rules, he has not met his burden of showing the court the absence of a genuine issue of material fact.

IV.    CONCLUSION

Based on the foregoing, the undersigned recommends that plaintiff's motion for summary judgment be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 24, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE