IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDGAR BERNABE,

      Plaintiff,                       No. CIV S-05-2522 LKK CMK P

   vs.

TERESA A. SCHWARTZ, et al.,       FINDINGS AND RECOMMENDATIONS

      Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On April 24, 2009, the court directed Plaintiff to respond to Defendants' discovery requests within 20 days. Plaintiff was warned that failure to comply may result in dismissal of this action for failure to comply with court orders and respond to discovery requests. To date, plaintiff has failed to comply.

      Where a party fails to comply with a court order, Rule 37 permits the court to sanction the offending party. See Fed. R. Civ. P. 37(b)(2). Available sanctions include dismissing the action where a party fails to obey a discovery order. See Fed. R. Civ. P. 37(b)(2)(A)(vi). The court must weigh five factors before imposing the harsh sanction of dismissal. See Computer Task Group , Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of

cases on their merits; and (5) the availability of less drastic sanctions.  See Computer Task Group, 364 F.3d at 1115; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). "Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them.  Therefore, whether terminating sanctions [are] appropriate . . . turns on the third and fifth factors." Computer Task Group, 364 F.3d at 1115.  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the fifth factor.  See Malone, 833 F.2d at 132-33 & n.1.

        In considering these factors, and in light of plaintiff's failure respond to the outstanding discovery as directed, the court finds that dismissal of this action is appropriate. Plaintiff was originally served with the outstanding interrogatories in July 2008.  After several requests for additional time to respond were granted, Plaintiff's responses were due by February 20, 2009.  Plaintiff's latest request for additional time was filed on February 23, 2009, but signed on February 18, 2009.  In that request, Plaintiff asked for almost six additional months in which to respond to the outstanding interrogatories.  However, Plaintiff failed to provide any sufficient reason why he had not responded to the interrogatories, which had been outstanding for about seven months, nor why he needed so much additional time.  Plaintiff was granted an additional 30 days to respond, and was cautioned that failure to do so would result in the recommendation that this case be dismissed.

        This case has been lingering for the past year, waiting for Plaintiff to respond to Defendants' discovery requests.  Originally filed in 2005, the original scheduling order set a dispositive motion deadline for October 29, 2008.  That deadline has been extended to accommodate Plaintiff's request for additional time to respond to the discovery requests. However, this case cannot be extended indefinitely.  The public's interest in expeditious resolution of litigation weighs in favor of dismissal at this time.  Similarly, the court's need to manage its own docket weighs in favor of dismissal, in that Plaintiff has failed to comply with orders requiring timely responses.  The risk of prejudice to Defendants also weighs in favor of

dismissal.  Plaintiff's failure to respond to the Defendants' discovery requests have the effect of prejudicing Defendants in obtaining the necessary information with which to develop a defense to Plaintiff's allegations.  Less drastic sanctions do not appear to be appropriate in this case.  Plaintiff is a state prisoner, proceeding in this case in forma pauperis.  As such, it is clear that he does not have the ability to pay monetary sanctions.  In addition, he was provided plenty of opportunities to comply with the discovery requests as well as warnings that his case may be dismissed if he failed to follow court orders, and specifically if he failed to respond to the outstanding discovery.  No other sanctions appear to be appropriate.  The only factor weighing against dismissal is the public policy favoring disposition of cases on their merits.  However, given the other four factors weighing in favor of dismissal, the inability of this case to be decided on its merits is insufficient to outweigh the other factors.

Based on the foregoing, the undersigned recommends that this action be dismissed for Plaintiff's failure to comply with court orders and failure to respond to discovery requests.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 29, 2009

_____
  **CRAIG M. KELLISON**
  UNITED STATES MAGISTRATE JUDGE